IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In Re:

CALHOUN COUNTY CONTRACTING CORPORATION,

    Debtor.

HARRY D. RIMBEY,

    Appellant,

v.

NEWTEK SMALL BUSINESS FINANCE,

    Appellee.

Case No. 19-CV-00736-NJR

Bankruptcy Case No. 08-31414

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On July 8, 2019, Appellant Harry D. Rimbey filed a notice of appeal from an order of the United States Bankruptcy Court for the Southern District of Illinois (Doc. 2). This matter is now before the Court on Mr. Rimbey's amended Appellant's Brief and Response to Order Reserving Ruling in support of his Motion for Leave to Proceed *in Forma Pauperis* ("IFP ") (Docs. 13, 19, 20). This Court previously reserved ruling on the Motion for Leave to Proceed IFP and dismissed Appellant's Brief without prejudice because the brief did not include *any* of the ten criteria listed in Federal Rule of Bankruptcy Procedure 8014(a) (Doc. 15). Mr. Rimbey then filed an Amended Appellant's Brief (Doc. 20). The Court again reserved ruling on the Motion for Leave to Proceed IFP and dismissed Appellant's Brief

without prejudice because the brief did not include *some* of the ten criteria listed in Federal Rule of Bankruptcy Procedure 8014(a), including the complete jurisdictional statement, table of authorities, statement of the issues, summary of the argument, or argument. Mr. Rimbey then filed a Second Amended Appellant's Brief (Doc. 25).

In reviewing Mr. Rimbey's pleadings, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing those allegations in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## **LEGAL STANDARDS**

District courts have jurisdiction to hear appeals from a bankruptcy court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a). Bankruptcy appeals are governed by the Federal Rules of Bankruptcy Procedure, which require an appellant's brief to contain the following:

> (1) a corporate disclosure statement, if required by Rule 8012;
>
> (2) a table of contents, with page references;
>
> (3) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;
>
> (4) a jurisdictional statement, including:

(A) the basis for the bankruptcy court's subject matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(B) the basis for the district court's or BAP's jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(C) the filing dates establishing the timeliness of the appeal; and

(D) an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's or BAP's jurisdiction on another basis;

(5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of review;

(6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;

(7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

(8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;

(9) a short conclusion stating the precise relief sought; and

(10) the certificate of compliance, if required by Rule 8015(a)(7) or (b).

FED. R. BANKR. P. 8014(a). A district court has the authority to summarily affirm a bankruptcy court's judgment as a sanction for serious non-jurisdictional, procedural defects. *See Chlad v. Chapman*, 2018 WL 4144627, at *3 (N.D. Ill. Aug. 30, 2018) (collecting cases).

## DISCUSSION

As Appellee states in its Motion to Stay, again, Mr. Rimbey's submission fails to comply with Rule 8014(a) (Doc. 30). The disorganized brief and response do not include a complete jurisdictional statement or statement of the issues. Although the Court liberally construes *pro se* pleadings, unrepresented parties are not exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). And in this case, the Court cannot determine the basis for its jurisdiction or whether Mr. Rimbey's claims hold up under the scrutiny of 28 U.S.C. § 1915(e)(2)(B).

Accordingly, after giving Mr. Rimbey two chances to amend his Brief for his Motion for Leave to Proceed *in Forma Pauperis*, the Court summarily **AFFIRMS** the bankruptcy court's judgment and **DISMISSES** the appeal **with prejudice**. The Third Motion to Dismiss (Doc. 27), Motion for Joinder (Doc. 29), Motion to Stay Briefing (Doc. 30), and Motion for Status (Doc. 39) are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  March 16, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**